IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN GOOLSBEE,<br>TDCJ #1797790,<br><br>      Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice - Correctional<br>Institutions Division,<br><br>      Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-14-3195 |

## MEMORANDUM AND ORDER

The petitioner, Calvin Goolsbee (TDCJ #1797790), seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. The respondent has filed a motion to dismiss (Docket Entry No. 14), arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Goolsbee has filed objections in response (Docket Entry No. 15) and a motion seeking his immediate release (Docket Entry No. 16). After considering all of the pleadings, the state court records, and the applicable law, the Court will grant the respondent's motion and dismiss this action for the reasons explained below.

### I. PROCEDURAL HISTORY

A local grand jury returned an indictment against Goolsbee on charges of assault causing bodily injury to a family member in Harris County cause number 1298985. That indictment was enhanced

for purposes of punishment with allegations that Goolsbee had prior felony convictions for assault against a member of his family in 2008, and robbery in 1978. On July 6, 2012, Goolsbee entered a guilty plea to the charges against him in the 176th District Court for Harris County, Texas. The trial court found Goolsbee guilty as charged and further found that the enhancement allegations were "true." As a result, the trial court sentenced Goolsbee to six years of imprisonment. Goolsbee did not appeal.

Goolsbee now seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his continued confinement. In the pending petition, which is dated October 31, 2014,[1] Goolsbee argues that he has been denied early release from prison without due process on the form of parole known as mandatory supervision because of his prior felony conviction for robbery. By denying him early release on mandatory supervision, Goolsbee argues further that the State has punished him twice in violation of the prohibition against being placed in double jeopardy. The respondent argues that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).

---

[1] The Clerk's Office received the petition on November 9, 2014, and filed it that same day. Goolsbee executed the petition on October 31, 2014, indicating that he placed it in the "prison mailing system" on that date. Under the "mailbox rule," a reviewing court treats the date a pro se prisoner deposits his habeas corpus petition in the mail as the filing date. See Fisher v. Johnson, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

## II. DISCUSSION

This federal habeas corpus proceeding is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly

3

applies. See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 117 S. Ct. 2059 (1997)).

The respondent argues that the one-year statute of limitations began to run on August 6, 2012, which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Goolsbee, however, is not challenging the underlying judgment of conviction. Goolsbee is challenging the determination that he is not eligible for mandatory supervision. In this context, the statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Goolsbee contends that he did not learn that he was ineligible for mandatory supervision until August 12, 2013, when prison officials advised him of his projected release date. (Docket Entry No. 15, at 2). Goolsbee argues, therefore, that the statute of limitations did not expire until August 12, 2014. Goolsbee's argument is unpersuasive. With the appropriate exercise of due diligence, Goolsbee could have discovered on the date of his conviction (July 6, 2012) that he was not eligible for mandatory supervision under the statute in place at that time. Eligibility for mandatory supervision is governed by the law effective at the time the holding offense was committed. Ex parte Keller, 173 S.W.3d

492, 495 (Tex. Crim. App. 2005). Under the applicable statute, "[a]n inmate may not be released to mandatory supervision if the inmate . . . has been previously convicted of . . . an offense for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure" or "a second degree felony under Section 29.02, Penal Code." Tex. Gov't Code § 508.149(a)(11). As Goolsbee concedes, the punishment imposed for his underlying conviction was enhanced with a prior conviction for robbery, which is a second degree felony under Texas Penal Code § 29.02, thereby making him ineligible for mandatory supervision.

Because Goolsbee could have discovered his ineligibility for mandatory supervision on the date his conviction was entered on July 6, 2012, the statute of limitations expired one year later on July 6, 2013. Goolsbee makes no effort to demonstrate that he is entitled to statutory or equitable tolling of the limitations period.[2] Therefore, the pending federal habeas petition executed

---

[2] The state court records reflect that Goolsbee filed a habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure on April 4, 2014, which the Texas Court of Criminal Appeals denied on October 22, 2014. Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). The record does not disclose any other basis to toll the statute
(continued...)

by Goolsbee on October 31, 2014 is untimely. The respondent's motion to dismiss will be granted and Goolsbee's motion for his immediate release will be denied.

## III. CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. §2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

---

²(...continued)
    of limitations.

6

petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

7

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Docket Entry No. 14) is **GRANTED** and the petitioner's motion for immediate release (Docket Entry No. 16) is **DENIED**.

2. The Motion for Evidentiary Hearing (Docket Entry No. 11) is **DENIED**.

3. The Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED** with prejudice as barred by the statute of limitations.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

**SIGNED** at Houston, Texas, on this 11th day of May, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE